**C.A. No. 26-3487**

D. Ct. No. CV-26-00051-PHX-MTL (ASB)

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAFAEL SALGUERO VERA,

Petitioner-Appellant,

v.

MARKWAYNE MULLIN, SECRETARY OF THE
UNITED STATES DEPARTMENT OF HOMELAND
SECURITY, ET AL.,

Respondents-Appellees.

ON APPEAL FROM A JUDGMENT OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF ARIZONA

------------------------------------------------------------
## MOTION TO HOLD APPEAL IN ABEYANCE
------------------------------------------------------------

| | |
|---|---|
| TIMOTHY COURCHAINE<br>United States Attorney<br>District of Arizona | VICTORIA H. GRAY<br>Assistant U.S. Attorney<br>Two Renaissance Square<br>40 N. Central Avenue, Suite 1800<br>Phoenix, Arizona  85004-4449 |
| WILLIAM G. VOIT<br>Appellate Division Chief | Telephone: (602) 514-7500<br>Attorneys for Respondents-Appellees |

Date Submitted via ECF:  July 15, 2026

## INTRODUCTION

Respondents-Appellees respectfully request that the Court hold this appeal in abeyance pending resolution of *Rodriguez Vazquez v. Bostock, et al.*, No. 25-6842 (9th Cir.). *Rodriguez Vazquez* involves the exact same issue of statutory interpretation as this appeal, and the Court granted an unopposed motion to expedite in that case, hearing oral argument on March 4, 2026. Therefore, the interests of justice and judicial economy weigh in favor of holding this case in abeyance pending the resolution of *Rodriguez Vazquez*.

Undersigned counsel emailed counsel for Petitioner-Appellant Rafael Salguero Vera ("Petitioner") on July 14, 2026, to seek counsel's position on this motion and counsel responded that Petitioner-Appellant opposes this motion.

## BACKGROUND

Petitioner is an alien who entered the United States in 2004 without admission or parole. (ER-23.)[1] Petitioner was detained by immigration officials in November 2025 under 8 U.S.C. § 1225(b). (ER-33–34.) Petitioner thereafter filed a habeas suit in federal court and argued that Petitioner did not fall within the scope of individuals subject to detention under § 1225(b) but rather was entitled to a bond hearing under 8 U.S.C. § 1226(a) and the due process clause. (ER-33–36.) The

---

[1] "ER" refers to the Excerpts of Record filed with the Opening Brief.

district court denied Petitioner a writ of habeas corpus after concluding that Petitioner was subject to detention under § 1225(b)(2)(A). (ER-4–6.)

The appeal in *Rodriguez Vazquez*, No. 25-6842 (9th Cir.), addresses substantially the same issues. In that case, the alien appealed a district court's order holding that aliens who entered the United States without admission or inspection were not subject to detention under § 1225(b)(2) and were instead entitled to bond hearings under § 1226(a). Thus, the same issue of statutory interpretation—whether the alien is subject to detention under § 1225(b)(2)—controls both this appeal and the pending lead case in *Rodriguez Vazquez*. The Court expedited the proceedings in *Rodriguez Vazquez*; briefing was completed on February 3, 2026, and oral argument was held March 4, 2026.

## DISCUSSION

This Court should hold this appeal in abeyance pending the resolution of *Rodriguez Vazquez*, which addresses substantially the same issues and is proceeding on an expedited basis. *See, e.g.*, Order (Dkt. 14), *Gomez-Marroquin v. Noem et al.*, No. 26-2116 (9th Cir. June 26, 2026) (granting motion to stay similar appellate proceedings pending resolution of *Rodriguez Vazquez*).

Holding a case in abeyance promotes judicial economy when the case has issues in common with other pending cases. *See generally* Order, *United States v. Beaver*, No. 17-15108, 2017 WL 3136181, *1 (9th Cir. Jun. 16, 2017) (holding an

- 2 -

appeal in abeyance where it involved similar issues as other pending cases). This appeal and *Rodriguez Vazquez* involve the same issue of statutory interpretation regarding the scope of DHS's detention authority under 8 U.S.C. § 1225(b)(2). Therefore, this Court's resolution of *Rodriguez Vazquez* should substantially inform, if not entirely resolve this appeal.

Judicial economy also weighs heavily in favor of holding this case in abeyance. Without abeyance, these appeals would require separate panels of this Court to review and analyze similar records and decide similar legal issues. Holding this case in abeyance precludes the possibility of separate panels reaching contradictory holdings and necessitating consideration of the issues by this Court sitting *en banc*. *See, e.g.*, *Farish for Farish v. Courion Industries, Inc.*, 754 F.2d 1111, 1114 (4th Cir. 1985).

Moreover, holding this appeal in abeyance will not unduly interfere with or delay proceedings in this appeal. Briefing has not concluded in the instant appeal (the answering brief is not yet due), whereas the Court has already undertaken expedited briefing and argument in *Rodriguez Vazquez*. Respondents will be able to inform the Court of the impact of *Rodriguez Vazquez* on the instant case and resume briefing, if necessary, in a timely fashion with the benefit of the analysis from that lead case. This will avoid the need for more rounds of briefing should the

- 3 -

case proceed prematurely despite the fact that a decision in *Rodriguez Vazquez* is likely imminent.

## CONCLUSION

For the foregoing reasons, this Court should hold this appeal in abeyance pending the resolution of *Rodriguez Vazquez*.

Respectfully submitted this 15th day of July, 2026.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

WILLIAM G. VOIT
Appellate Division Chief

*s/ Victoria H. Gray*
VICTORIA H. GRAY
Assistant U.S. Attorney
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4449
Telephone: (602) 514-7500
Attorneys for Respondents-Appellees

- 4 -

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Tammie R. Holm*
Tammie R. Holm
Paralegal Specialist
U.S. Attorney's Office